## 22516. ELROD *v.* FIRST NATIONAL BANK OF DALTON.

DECIDED JANUARY 11, 1933.

*J. J. Bates, H. H. Anderson,* for plaintiff in error.
*R. Noel Steed,* contra.

JENKINS, P. J. The plaintiff bank foreclosed a title-retention contract executed in its favor by the defendant, a married woman. By affidavit of illegality the defendant averred that the instrument was executed by her to secure a pre-existing debt of her husband, and that she received no consideration therefor. Upon the trial the defendant testified, without objection, that she executed the mortgage or title-retention contract; that she did not buy the mules described therein from the plaintiff bank, but that she executed the instrument to secure a note already owing by her husband to the plaintiff; that Fain Wilson, who was security on the note held by the bank against her husband, and her husband, asked her to execute the mortgage to secure the note already owing, and to induce the plaintiff to extend the time for payment of the original note; that she had never had any other transaction with the plaintiff, and that the instrument proceeded on was not executed in renewal of any previous note owing by her. The defendant's husband testified that he was indebted to the plaintiff bank on a note, which Wilson had signed as security; that the note was due and he was unable to pay it, and that Wilson stated to him that if the defendant would give the bank a mortgage on her mules as additional security, the note would be carried until fall; that the defendant accordingly accompanied the witness, and Wilson, to the plaintiff bank, where the witness left his wife and Wilson; that on returning to the bank he was informed by the cashier that the matter was "all fixed up and they would wait on me until fall;" that there was no renewal of the old note, but the "bank was to hold the note they had with Mr. Wilson as security, and they kept it and I have not seen it

since that day." Wilson, testifying for the plaintiff, swore as follows: "The defendant previously gave me a mortgage on mules to secure me. She later gave the mortgage sued on to the bank and not to me." The plaintiff introduced also a mortgage executed by the defendant to Wilson, antedating the plaintiff's lien, and apparently covering the same property. There was no further evidence for either party.

Since there was no proof on behalf of the plaintiff to contradict the testimony of the defendant and her husband that the bill of sale, or mortgage, held by the plaintiff, was executed by the defendant to secure a debt of her husband, the verdict in favor of the plaintiff was not authorized. If, as testified to by the defendant and her husband, the plaintiff bank already held the husband's note, and the contract was executed by the defendant merely as additional security for the note already held by the bank, no consideration passing to the defendant therefor, the plaintiff, as a party to the transaction, must necessarily have had knowledge of the circumstances under which the contract was executed, and of the fact that the defendant was incumbering her own property to secure the debt of her husband. Such a contract falls within the inhibition of section 3007 of the Civil Code (1910), and, at the election of the wife, may be avoided by her. There is nothing in the testimony of the surety, Wilson, quoted in full above, to contradict that of the defendant and her husband. His testimony indicates merely that the defendant had previously executed a mortgage on the property in his favor for the purpose of indemnifying him against the risk incurred by him in becoming surety for her husband on the note already held by the plaintiff bank. There is nothing in his testimony from which it could be inferred that the contract here proceeded upon was executed in renewal of the mortgage already held by Wilson, and taken by the bank from Wilson without any knowledge on its part of the fact that it was made to secure the debt of the husband, and nothing to indicate that it was executed to the bank in renewal of the mortgage already held by Wilson. Indeed the evidence of Wilson indicates that the mortgage held by him was subject to the same defense in favor of the defendant as was the instant contract, since he testified that it was executed to "secure" him, evidently meaning that it was executed to indemnify

him against the risk assumed by him in becoming surety for the husband.

The verdict in favor of the plaintiff was not authorized by the evidence, and must be set aside.

*Judgment reversed.* *Stephens and Sutton, JJ., concur.*